■ In the Matter of JAMES E. CLIFF, Petitioner, v D. VAUGHN, as Reporting Officer of Great Meadow Correctional Facility, et al., Respondents. [713 NYS2d 374] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Superintendent of Great Meadow Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

At the conclusion of a tier II disciplinary hearing petitioner was found guilty of refusing a direct order and violating a facility movement regulation, and a penalty of 30 days' keeplock and loss of package, commissary and telephone privileges was imposed. Following an unsuccessful administrative appeal, petitioner commenced the instant proceeding pursuant to CPLR article 78 to challenge the determination of guilt.

Of the various arguments raised by petitioner on review, only one has merit—namely, petitioner's assertion that the portion of the determination finding him guilty of refusing a direct order is not supported by substantial evidence. Simply stated, there is no indication in the record that petitioner was in fact given a direct order on the day in question (May 27, 1999) to keep his hands in his pockets while returning from the recreation yard to his cell. The misbehavior report itself, upon which the Hearing Officer based his determination, was silent on this issue, and its author only testified that he had warned petitioner on more than one occasion prior to May 27,

1999 to keep his hands in his pockets while moving to and from the recreation area. While petitioner's failure to keep his hands in his pockets on the date in question indeed establishes a violation of the facility rule governing movement to and from the recreation area, such conduct cannot form the basis for refusing a direct order when the record fails to establish that any such order was given on that date. Accordingly, that portion of the determination finding petitioner guilty of refusing a direct order cannot stand. Petitioner's remaining contentions, to the extent that they are properly before us, have been examined and found to be lacking in merit.

Cardona, P. J., Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order; petition granted to said extent and respondents are directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.