In the Matter of CHARLES WILLIAMS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [812 NYS2d 384]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, was directed by a correction officer to permit an inspection of his towel after he exited the shower. In response, petitioner head-butted the officer and a physical altercation ensued resulting in petitioner's eventual placement in mechanical restraints. Two plastic bags were recovered from the towel, one containing tobacco and the second containing a green leafy substance that tested positive for marihuana. Petitioner was subsequently charged in three misbehavior reports with numerous prison disciplinary rule violations. The first charged him with possession of contraband and smuggling. The second charged him with refusing a direct order, interfering with an employee and assaulting staff. The third charged him with possession of drugs. The three reports were combined for purposes of the tier III disciplinary hearing held as a rehearing following the reversal of a prior determination. At the conclu-

sion of the rehearing, petitioner was found guilty of all charges and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Initially, respondent concedes and we agree that the charge of drug possession is not supported by substantial evidence insofar as all of the documentation necessary to support the charge (*see* 7 NYCRR 1010.5) was not provided at the hearing (*see Matter of Morales v Selsky*, 297 AD2d 894, 894 [2002], *appeal dismissed, lv denied* 100 NY2d 531 [2003]). Accordingly, the determination must be annulled to that extent and all references thereto expunged from petitioner's institutional record. In addition, inasmuch as a loss of good time was imposed, the matter must be remitted to respondent for a reassessment of the penalty with respect to the remaining violations (*see Matter of Hernandez v Selsky*, 306 AD2d 595, 596 [2003], *lv denied* 100 NY2d 514 [2003]). Petitioner's remaining procedural claims have been considered and are lacking in merit.

Crew III, J.P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possession of drugs; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.