■ In the Matter of DELMAR RAMPERSANT, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [820 NYS2d 864]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules against possessing a controlled substance, smuggling and failing to comply with frisk procedures

after he attempted to remove two packets of marihuana from his rectum during an authorized frisk. Following a tier III disciplinary hearing, petitioner was found guilty of the charges and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding by petitioner ensued.

Initially, respondent concedes and we agree that the smuggling charge is not supported by substantial evidence and, thus, the determination must be annulled to that extent (*see Matter of Daum v Goord*, 27 AD3d 858, 858-859 [2006]). The remaining charges are supported by substantial evidence consisting of the misbehavior report and testimony of its author, who witnessed the drugs fall from petitioner's person during the frisk, as well as the positive NIK test results (*see Matter of Williams v Goord*, 301 AD2d 983, 984 [2003]; *Matter of Matos v Goord*, 300 AD2d 970, 970 [2002], *lv denied* 99 NY2d 509 [2003]). Nevertheless, because a loss of good time was imposed as part of the penalty and the smuggling charge must now be dismissed, we remit the matter for a redetermination of the penalty on the remaining violations (*see Matter of Williams v Goord*, 28 AD3d 897, 898 [2006]). Petitioner's additional claims, to the extent that they are preserved for our review, have been examined and found to be lacking in merit.

Crew III, J.P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of smuggling and imposed a penalty; petition granted to that extent, the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record, and matter remitted to the Commissioner of Correctional Services for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.