■ In the Matter of the Claim of JOHN ARPA, Petitioner, v JOE DAVID, as Superintendent of Greene Correctional Facility, et al., Respondents. [821 NYS2d 495]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was present at an unauthorized meeting of a group of inmates during which he questioned the inmates about a theft in the dormitory. A fist fight subsequently ensued. As a result, two misbehavior reports were filed against petitioner, one charging him with engaging in an unauthorized assembly and making an unauthorized address, and the second charging him with fighting and engaging in violent conduct. A tier III disciplinary hearing was subsequently conducted concerning both reports. At the conclusion of the hearing, petitioner was found guilty of all charges. The determination was upheld on administrative appeal and this CPLR article 78 proceeding ensued.

Initially, respondents concede, and we agree, that the charges of fighting and engaging in violent conduct are not supported by substantial evidence and that the determination must be annulled with respect to these charges (*see Matter of Green v Goord*, 26 AD3d 562, 563 [2006]). On the other hand, that part of the determination finding petitioner guilty of engaging in an unauthorized assembly and making an unauthorized address is supported by substantial evidence consisting of the first misbehavior report, the hearing testimony and the confidential documentation prepared in connection with the investigation of the incident (*see Matter of Fletcher v Goord*, 16 AD3d 731, 732 [2005]). However, inasmuch as a loss of good time was imposed as part of the original penalty, the matter must be remitted to the Commissioner of Correctional Services for a redetermination of the penalty with respect to the remaining violations (*see Matter of Green v Goord, supra* at 563; *Matter of Williams v Goord*, 301 AD2d 983, 984 [2003]). Petitioner's other contentions have not been preserved for our review.

Crew III, J.P., Peters, Spain, Rose and Kane, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of fighting and engaging in violent conduct and imposed a penalty; petition granted to that extent, the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record, and matter remitted to the Commissioner of Correctional Services for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.