■ In the Matter of BLADIMIL CASTILLO, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [847 NYS2d 290]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in one misbehavior report with smuggling and conspiracy to possess drugs and in a second misbehavior report with drug possession. Following a tier III disciplinary hearing concerning both reports, petitioner was found guilty of all charges. The determination was upheld on administrative appeal and this CPLR article 78 proceeding ensued.

Initially, respondent concedes, and upon review of the record we agree, that the charges of smuggling and conspiracy to possess drugs are not supported by substantial evidence. Conse-

quently, the determination of guilt must be annulled to that extent and all references thereto expunged from petitioner's institutional record (*see Matter of Williams v Goord*, 28 AD3d 897, 898 [2006]). On the other hand, the part of the determination finding petitioner guilty of drug possession is supported by substantial evidence in the form of the second misbehavior report and the drug test documentation (*see Matter of Torres v Selsky*, 8 AD3d 775, 776 [2004]). However, inasmuch as the original penalty included a recommended loss of good time, the matter must be remitted to respondent for a reassessment of the penalty with respect to the remaining violation (*see Matter of Arpa v David*, 32 AD3d 1140, 1141 [2006]).

To the extent preserved, petitioner's remaining contentions have been examined and found to be without merit.

Peters, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of smuggling and conspiracy to possess drugs and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record, and matter remitted to respondent for an administrative redetermination of the penalty imposed on the remaining violation; and, as so modified, confirmed.