■ In the Matter of JONATHAN RODRIGUEZ, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [850 NYS2d 703]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County)

to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding challenging a tier III disciplinary determination finding him guilty of creating a disturbance and refusing a direct order.

To the extent that the petition can be construed as alleging that there is insufficient evidence to support the determination of guilt, we find that the charge of creating a disturbance is supported by substantial evidence in the form of the misbehavior report and hearing testimony from the correction officer who authored it (*see Matter of Davis v Goord*, 34 AD3d 1027, 1027 [2006]). Regarding the charge of refusing a direct order, on the other hand, the Attorney General concedes and our review of the record confirms that the requisite substantial evidence is lacking (*see Matter of Cliff v Vaughn*, 275 AD2d 871, 871-872 [2000]). Thus, that part of the determination must be annulled and all references thereto expunged from petitioner's institutional record (*see Matter of Fernandez v Goord*, 27 AD3d 806, 806 [2006]). Moreover, given that the penalty imposed included a recommended loss of good time for both charges, the matter must be remitted for a redetermination of the appropriate penalty relative to the remaining charge of creating a disturbance (*see id.*).

We have examined petitioner's remaining claims that he was denied adequate employee assistance, precluded from presenting witness testimony and deprived of an impartial hearing and find them to be unavailing.

Cardona, P.J., Spain, Carpinello, Rose and Kavanagh, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order; petition granted to that extent, the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record and matter remitted to the Commissioner for an administrative redetermination of the penalty imposed on the remaining violation; and, as so modified, confirmed.