■ In the Matter of ELBERT WELCH, Appellant, v JUSTIN TAYLOR, as Superintendent of Gouverneur Correctional Facility, et al., Respondents. [856 NYS2d 732]—Appeal from a judgment of the Supreme Court (Feldstein, J.), entered March 28, 2007 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Superintendent of Gouverneur Correctional Facility finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged in a misbehavior report with possessing an excessive amount of stamps. A tier II disciplinary hearing ensued, at which petitioner was found guilty as charged based upon his plea of guilty with an explanation. After an unsuccessful administrative appeal, petitioner commenced a habeas corpus proceeding challenging the determination. Supreme Court appropriately converted the proceeding to one under CPLR article 78 and ultimately dismissed the petition. This appeal by petitioner followed.

We affirm. To the extent that petitioner attacks the constitutionality of the disciplinary rule in issue, such a claim can only be raised within the context of a prison grievance procedure (*see Matter of Pulliam v Waite*, 8 AD3d 841, 841 [2004]). As for petitioner's assertion that the Hearing Officer was biased, it is wholly unsubstantiated by the record and, in any event, there is no indication that the determination flowed from any purported bias (*see Matter of Chavis v Goord*, 43 AD3d 1235, 1236 [2007]). We have examined each of the remaining contentions advanced by petitioner in his pro se brief, including his claims that he did not voluntarily plead guilty and was denied the right to present witness testimony, and, to the extent preserved, find them to be without merit.

Cardona, P.J., Spain, Carpinello, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.