In the Matter of JULIO TORRES, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [862 NYS2d 638]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found him guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty following a tier III disciplinary hearing of extortion, making threats, making a violent threat, smuggling, unauthorized organization and possession of drugs. Upon administrative appeal, that determination was affirmed with a modified penalty of 12 months in the special housing unit, 24 months recommended loss of good time and 36 months loss of privileges. This CPLR article 78 proceeding seeking annulment ensued.

Initially, the Attorney General concedes, and upon review of the record we concur, that the evidence presented at the hearing is insufficient to uphold the charge of smuggling. Accordingly, the underlying determination must be annulled to that extent and references thereto expunged from petitioner's institutional record (*see Matter of Castillo v Goord*, 46 AD3d 1060, 1060-1061 [2007]). On the other hand, that part of the determination finding petitioner guilty of extortion, making threats, making a violent threat, unauthorized organization and possession of drugs is supported by substantial evidence consisting of the misbehavior report and hearing testimony, including the confidential testimony considered by the Hearing Officer in camera (*see Matter of Jackson v McGinnis*, 47 AD3d 1100, 1100-1101 [2008]). Nevertheless, because the original penalty imposed contained a recommended loss of good time, the matter must be remitted to respondent for a reassessment of the penalty relative to the remaining charges (*see Matter of Rampersant v Selsky*, 32 AD3d 1085, 1086 [2006]). Petitioner's additional contentions, including his claims that the misbehavior report was defective, that he received inadequate employee assistance and that the Hearing Officer was biased, have been examined and found to be unpersuasive.

Spain, J.P., Carpinello, Rose, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of smuggling and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.