■ In the Matter of SABU QUINONES, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [867 NYS2d 226]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Mid-Orange Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

When petitioner's wife came to visit petitioner in the visiting room of the correctional facility where he was housed, correction officers observed him excessively kissing her and groping her breasts. As a result, he was charged in a misbehavior report with refusing a direct order and violating visiting room procedures. Following a tier II disciplinary hearing, petitioner was found guilty of the charges and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Initially, the Attorney General concedes and we agree that, upon reviewing the record, substantial evidence does not support that part of the determination finding petitioner guilty of refusing a direct order (*see Matter of Torres v Fischer*, 53 AD3d 1008 [2008]; *Matter of Rodriguez v Selsky*, 48 AD3d 851, 852 [2008]). Nonetheless, inasmuch as no loss of good time was imposed and petitioner has already served the penalty, the matter need not be remitted for a reassessment of the penalty (*see Matter of Green v Smith*, 40 AD3d 1287, 1287 [2007]; *Matter of Deoleo v Selsky*, 29 AD3d 1102, 1104 [2006]).

As for that part of the determination finding petitioner guilty of violating facility visiting procedures, the misbehavior report and testimony of the correction officer who endorsed it establish that petitioner engaged in prolonged kissing and groping of his wife's breasts which is not permitted by the regulations (*see* 7 NYCRR 200.4 [k] [2]). Petitioner's denial of such conduct presented a credibility issue for the Hearing Officer to resolve (*see Matter of Retamozzo v New York State Dept. of Correctional Servs.*, 31 AD3d 1083, 1084 [2006]). Accordingly, substantial evidence supports the determination in this regard (*see Matter of Garcia v Goord*, 261 AD2d 674 [1999], *lv and appeal dismissed* 94 NY2d 834 [1999]).

Petitioner's claim of hearing officer bias has not been

preserved for our review inasmuch as he did not raise it in his administrative appeal (*see Matter of Holmes v Brown*, 43 AD3d 1234, 1235 [2007], *lv denied* 9 NY3d 815 [2007]).

Peters, J.P., Spain, Lahtinen, Kavanagh and Stein, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order; petition granted to that extent and the Superintendent of Mid-Orange Correctional Facility is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.