■ In the Matter of RICHARD TEVAULT, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [878 NYS2d 796]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with, among other things, interfering with an employee and abusing state property after it was discovered that he was missing a quantity of prescription medication. At the conclusion of the tier III disciplinary hearing that followed, petitioner was found guilty of the aforementioned charges and a penalty was imposed. Petitioner's administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge respondent's determination.

Preliminarily, whatever defects may have existed in the misbehavior report, we find that the document as a whole was sufficient to afford petitioner notice of the charges against him (*see Matter of Abdul-Khaliq v Goord*, 34 AD3d 872 [2006]). Further, the misbehavior report and hearing testimony constitute substantial evidence to support the finding that petitioner misused or damaged his prescription medication and, hence, violated rule 116.10 (*see* 7 NYCRR 270.2 [B] [17] [i]). Petitioner's assertion that he inadvertently dropped his medication on a wet floor, thereby accounting for the missing pills, presented a credibility determination for the Hearing Officer to resolve (*see e.g. Matter of Jackson v Smith*, 49 AD3d 933 [2008]).

We reach a contrary conclusion, however, with regard to the violation of rule 107.10, which provides that "[a]n inmate shall not physically or verbally obstruct or interfere with an employee at any time" (7 NYCRR 270.2 [B] [8] [i]). Here, a fellow inmate overdosed on the prescription medication Baclofen, prompting the facility to confiscate the drug from all of the inmates for whom it had been prescribed, including petitioner. The alleged interference relative to petitioner stemmed from the facility nurse having to interrupt her "typical" duties to do a pill count, ascertain how much of petitioner's medication was

missing and author the misbehavior report. In our view, this is not the type of conduct that the subject rule was designed to prevent (*see Matter of Smythe v McClellan*, 226 AD2d 840, 841-842 [1996]). Notably, petitioner did not physically or verbally interfere with the nurse (*compare Matter of Burr v Goord*, 276 AD2d 947, 948 [2000], *lv denied* 96 NY2d 701 [2001], *cert denied* 532 US 935 [2001]), there is no evidence that the underlying pill count effectively precluded the nurse from responding to any medical situations (*compare Matter of Johnson v Artus*, 32 AD3d 1146, 1147 [2006]) and petitioner's loss or abuse of his medication, while improper, was not the precipitating event that gave rise to the pill count in the first instance (*see Matter of Ramirez v Schultz*, 13 AD3d 457, 458-459 [2004]). Accordingly, this portion of the determination must be annulled and all references thereto expunged from petitioner's institutional record (*see Matter of Rodriguez v Selsky*, 48 AD3d 851, 852 [2008]). Moreover, inasmuch as the penalty imposed included a recommended loss of good time for both of the sustained charges, we remit this matter for a redetermination of the penalty relative to the remaining charge of abusing or damaging state property (*see id.* at 852; *Matter of Rampersant v Selsky*, 32 AD3d 1085, 1086 [2006]).

Cardona, P.J., Peters, Lahtinen, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of interfering with an employee and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record, and matter remitted to respondent for an administrative redetermination of the penalty imposed on the remaining violation; and, as so modified, confirmed.