■ In the Matter of MATTHEW PITT, Petitioner, v KEITH DUBRAY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [877 NYS2d 919]—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, was found guilty following a tier III disciplinary hearing of participating in third-party telephone calls, violating facility telephone procedures and violating facility correspondence procedures. Upon administrative appeal, that determination was affirmed with a modified penalty. Petitioner thereafter commenced this CPLR article 78 proceeding seeking annulment.

Preliminarily, respondent concedes and, upon review of the record, we concur, that substantial evidence does not support the charge of violating facility correspondence procedures. Accordingly, the determination is annulled to that extent and all references thereto shall be expunged from petitioner's institutional record (*see Matter of Castillo v Goord,* 46 AD3d 1060, 1060-1061 [2007]).*

Turning to the remaining charges of participating in third-party telephone calls and violating facility telephone procedures, we conclude that they are supported by substantial evidence consisting of the misbehavior report, testimony adduced at the hearing and audiotapes (*see Matter of James v Fischer,* 57 AD3d 1064, 1064-1065 [2008]).

Petitioner's remaining claims have been examined and found to be lacking in merit.

Cardona, P.J., Mercure, Spain, Kane and Stein, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of violating facility correspondence procedures and imposed a penalty; peti-

---

* Inasmuch as a recommended loss of good time was imposed as part of the original penalty and this charge must now be dismissed, the matter must be remitted to the Commissioner of Correctional Services for a reassessment of the penalty with respect to the remaining violations (*see Matter of Rampersant v Selsky,* 32 AD3d 1085, 1086 [2006]).

tion granted to that extent and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record, and matter remitted to the Commissioner of Correctional Services for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.

