■ In the Matter of RICHARD FREJOMIL, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [890 NYS2d 133]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate who worked in the Inmate Grievance Program Office (hereinafter IGPO), commenced this CPLR article 78 proceeding challenging a determination finding him guilty of disobeying a direct order after he gave a fellow inmate certain information without prior approval from his supervisor. The misbehavior report, together with the testimony from the author of the misbehavior report that on several occasions he and the IGPO supervisor gave the IGPO inmate employees direct orders not to give fellow inmates any paperwork without the prior approval of the IGPO supervisor, provides substantial evidence to support the determination of guilt (*see Matter of Hunter v Bezio*, 65 AD3d 726 [2009]; *Matter of Freire v Goord*, 1 AD3d 843 [2003], *lv denied* 2 NY3d 701 [2004]). Petitioner's

contention that no such order was issued created a credibility issue for the Hearing Officer to resolve (*see Matter of Hale v Selsky*, 57 AD3d 1136, 1137 [2008], *appeal dismissed* 12 NY3d 776 [2009]).

Furthermore, to the extent that petitioner relies on *Matter of Cliff v Vaughn* (275 AD2d 871 [2000]), we find that case distinguishable. Here, the misbehavior report and testimony at the hearing establish that a direct order, rather than a warning, was in fact issued.

Cardona, P.J., Peters, Rose, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.