■ In the Matter of JAMES ARGENTINA, Petitioner, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [896 NYS2d 479]—

A confidential investigation was conducted during which certain correspondence was intercepted by correction officials indicating that petitioner had assaulted an inmate and had threatened other inmates. In addition, petitioner's cell was frisked and various items of contraband were found. As a result, he was charged in a misbehavior report with numerous disciplinary rule violations. At the conclusion of a tier III disciplinary hearing, petitioner was found guilty of the charges of assault, making threats, gambling and possessing unauthorized property. Among the penalties imposed was the loss of six months of good time. The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Initially, respondent concedes, and we agree upon reviewing the record, that part of the determination finding petitioner guilty of gambling and possessing unauthorized property is not supported by substantial evidence and must be annulled (*see Matter of Quinones v Fischer*, 55 AD3d 1200, 1200 [2008]). As for the remaining charges, however, the misbehavior report, together with the testimony adduced at the hearing and the confidential information considered by the Hearing Officer in camera, provide substantial evidence supporting that part of the determination finding petitioner guilty of assault and making threats (*see Matter of Torres v Fischer*, 53 AD3d 1008, 1009 [2008]; *Matter of Hernandez v Selsky*, 50 AD3d 1340, 1341 [2008]). Nevertheless, inasmuch as a loss of good time was imposed, the matter must be remitted to the Commissioner of Correctional Services for a redetermination of the penalty (*see Matter of Castillo v Goord*, 46 AD3d 1060, 1061 [2007]; *Matter of Arpa v David*, 32 AD3d 1140, 1141 [2006]). Contrary to petitioner's claim, the misbehavior report was sufficiently specific to enable petitioner to prepare a defense and he failed to demonstrate any prejudice from the alleged defect (*see Matter of Couch v Goord*, 255 AD2d 720, 721-722 [1998]). Although the report initially contained an inaccurate name of the inmate who was assaulted, that name had been related to correction officials by petitioner himself during an interview in which he admitted to assaulting the inmate. Petitioner's remaining contentions have been considered and are without merit.

Cardona, P.J., Spain, Rose, Kavanagh and Stein, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of gambling and possessing unauthorized property and imposed a penalty; petition granted to that extent, the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record and matter remitted to

the Commissioner of Correctional Services for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed.