■ In the Matter of DAVID QUINONES, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [913 NYS2d 780]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was ordered to provide a sample for a random urinalysis test. During the process, a correction officer observed petitioner placing an unidentified powder into his urine sample and directed him to stop. Petitioner then placed the remaining substance in the toilet and flushed. This act resulted in a misbehavior report charging petitioner with failing to comply with urinalysis guidelines, interfering with an employee and refusing a direct order. The first urine sample having been tainted, the officer ordered petitioner to provide another sample, which he was incapable of doing within a three-hour period. As a result, he was served with a second misbehavior report charging him with failure to comply with urinalysis guidelines and refusal of a direct order. Following a tier III disciplinary hearing, petitioner was found guilty of only those charges stemming from the first misbehavior report. That determination was affirmed on administrative appeal, after which petitioner commenced this CPLR article 78 proceeding.

Initially, we agree with the Attorney General that substantial evidence does not support that part of the determination that found petitioner guilty of interfering with an employee (*see Matter of Valentino v Bezio*, 72 AD3d 1376, 1376 [2010]; *Matter*

*of Quinones v Fischer*, 55 AD3d 1200, 1200 [2008]). However, with regard to the remaining charges, the detailed misbehavior report and testimony of the correction officer involved provide substantial evidence to support the determination of guilt (*see Matter of Hernandez v Bezio*, 73 AD3d 1406, 1407 [2010]; *Matter of Sital v Fischer*, 73 AD3d 1348, 1349 [2010], *lv denied* 15 NY3d 707 [2010]). As a recommended loss of good time was imposed, the matter must be remitted for a reassessment of the penalty (*see Matter of Platten v Bezio*, 73 AD3d 1419, 1420 [2010]; *Matter of Argentina v Bezio*, 69 AD3d 1287, 1288 [2010], *lv denied* 14 NY3d 709 [2010]).

Turning to petitioner's procedural contentions, we find that he was not improperly refused the right to call a witness from the Office of Mental Health. That witness possessed no information relevant to the charges for which petitioner was found guilty, which were premised on petitioner's tampering with his urine sample, not his inability to urinate (*see Matter of Orr v Selsky*, 290 AD2d 768, 769 [2002]; *Matter of Reynoso v Coombe*, 229 AD2d 732, 732 [1996], *lv denied* 89 NY2d 801 [1996]). Our review of the record demonstrates that the determination was the result of the evidence presented against petitioner rather than any alleged hearing officer bias (*see Matter of Sital v Fischer*, 73 AD3d at 1349; *Matter of Key v Fischer*, 72 AD3d 1365, 1366 [2010]). Finally, the minor gaps in the hearing transcript did not render it so incomplete as to preclude meaningful review (*see Matter of White v Superintendent of Wyoming Correctional Facility*, 69 AD3d 1180, 1181 [2010]).

We have examined petitioner's remaining contentions and find them to be without merit.

Cardona, P.J., Peters, Rose, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of interfering with an employee and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed.