◼ In the Matter of WILLIAM R. PIPER, Petitioner, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [916 NYS2d 319]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate and law library clerk, was given an order by a correction officer to remove certain materials

from the prison library, after which he assured the officer that none of the listed materials could be found. Subsequently, some of the materials were found in the library and, as a result, petitioner received a misbehavior report charging him with multiple disciplinary infractions. Following a tier III disciplinary hearing, petitioner was found guilty of interfering with an employee, lying and refusing a direct order. That determination was affirmed on administrative review and petitioner, thereafter, commenced this CPLR article 78 proceeding.

We confirm. The detailed misbehavior report and the testimony presented at the hearing provide substantial evidence to support the determination (*see Matter of Douglas v Fischer*, 76 AD3d 1162, 1162 [2010]; *Matter of Malik v Bezio*, 76 AD3d 1128, 1128 [2010]). Minor discrepancies in the accounts of a correction officer and an inmate witness, and petitioner's contrary version of events, presented credibility questions to be resolved by the Hearing Officer (*see Matter of Key v Fischer*, 72 AD3d 1365, 1366 [2010]; *Matter of Valentino v Bezio*, 72 AD3d 1376, 1377 [2010]).

Turning to petitioner's procedural contentions, we find that the misbehavior report was sufficiently detailed to inform petitioner of the charges against him and enable him to prepare a defense (*see Matter of Smart v New York State Dept. of Correctional Servs.*, 75 AD3d 1017, 1018 [2010]; *Matter of Argentina v Bezio*, 69 AD3d 1287, 1288 [2010], *lv denied* 14 NY3d 709 [2010]). The Hearing Officer properly permitted a correction officer to testify by speaker phone, as the physical presence of witnesses is not required at a disciplinary hearing (*see Matter of Davis v Prack*, 58 AD3d 977, 977 [2009]; *Matter of Chavis v Goord*, 45 AD3d 1063, 1064 [2007]). The gaps in the hearing transcript did not render it so deficient as to preclude meaningful judicial review (*see Matter of Reese v Bezio*, 75 AD3d 1029, 1030 [2010]; *Matter of Gomez v Fischer*, 74 AD3d 1399, 1400 [2010], *lv dismissed* 15 NY3d 858 [2010]). Finally, we perceive no hearing officer bias; rather, the determination resulted from the evidence presented during the course of the lengthy hearing (*see Matter of Hamilton v Bezio*, 76 AD3d 1125, 1126 [2010]).

Petitioner's remaining contentions have been examined and found to be either unpreserved or without merit.

Mercure, J.P., Spain, Lahtinen, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.