■ In the Matter of MAURICE DAUGHTRY, Petitioner, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [922 NYS2d 664]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

During a search of petitioner's cell, a correction officer found two ice pick-type weapons, one secreted in the pilaster of the cell and the second secreted in the cell track. The officer also found an altered pen and pencil. As a result, petitioner was charged in a misbehavior report with possessing a weapon and possessing an altered item. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing. The determination was later affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. The misbehavior report, together with the testimony of its author and the related documentation, provide substantial evidence supporting the determination of guilt (*see Matter of Bartley v Fischer*, 73 AD3d 1363, 1363-1364 [2010]; *Matter of Cruz v Goord*, 41 AD3d 1122, 1122-1123 [2007]; *Matter of Ameen v Selsky*, 25 AD3d 1059 [2006]). The proof established that the items were found in an area within petitioner's control thereby supporting the reasonable inference that they belonged to him (*see Matter of Trisvan v Fischer*, 71 AD3d 1253, 1254 [2010]; *Matter of Figueroa v Selsky*, 49 AD3d 1059, 1059 [2008], *lv denied* 10 NY3d 714 [2008]). Significantly, the correction officer who searched the areas stated that no other individual could have put the items in those locations without using special tools of the type used by a locksmith, which he used to retrieve the items. Although petitioner maintained that the items were not his, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Sweet v Poole*, 48 AD3d 867, 867-868 [2008]; *Matter of Diaz v Goord*, 26 AD3d 561, 562 [2006]). Lastly, petitioner's claim that he was not permitted to observe the search of his cell when the second weapon was recovered has not been preserved for our review due to his failure to raise it at the hearing or on his administrative appeal (*see Matter of Griffin v Selsky*, 60 AD3d 1247, 1248 [2009]; *Matter of Carter v Goord*, 45 AD3d 1077, 1078 [2007]).

Peters, J.P., Spain, Malone Jr., McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.