■ In the Matter of TYRONE SAMUELS, Petitioner, v DEPARTMENT OF CORRECTIONAL SERVICES STAFF et al., Respondents. [923 NYS2d 309]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Greene County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

During a search of his cell, petitioner was found to be in possession of more than 100 pages of Uniform Commercial Code (hereinafter UCC) documents and forms. He was subsequently found guilty following a tier III disciplinary hearing of violating prison rules prohibiting inmates from possessing such documentation and for not complying with facility correspondence procedures. After this determination was later upheld on administrative appeal, petitioner initiated this CPLR article 78 proceeding.

Initially, respondents concede that the determination finding that petitioner violated facility correspondence procedures was not supported by substantial evidence and should be annulled. Inasmuch as a loss of good time was imposed, the matter must be remitted to respondent Commissioner of Correctional Services for a redetermination of the penalty (*see Matter of Ballou v New York State Dept. of Correctional Servs.*, 80 AD3d 1058, 1058 [2011]; *Matter of Minton v Fischer*, 73 AD3d 1347, 1348 [2010], *appeal dismissed* 15 NY3d 848 [2010]). As for the charge

that petitioner was not authorized to possess the UCC documents, we find no merit to his claim that this determination is not supported by substantial evidence. The misbehavior report and related documentation, together with the testimony adduced at the hearing, including petitioner's admission that he possessed the UCC documents, provide substantial evidence that he violated this prison disciplinary rule (*see Matter of Pertillar v Fischer*, 64 AD3d 1029, 1030 [2009]; *see also Matter of Cornwall v Fischer*, 72 AD3d 1364, 1365 [2010]).

While petitioner also argues that the UCC documents were improperly confiscated during the search of his cell, his challenge to that action appears to have been denied during the grievance procedure and petitioner has not challenged that decision as part of this CPLR article 78 proceeding. His claim that the rule barring inmates from possessing UCC documents is unconstitutional (*see* 7 NYCRR 270.2 [14]) is not properly before us because it must first be raised in the context of the prison grievance procedure (*see Matter of Welch v Taylor*, 51 AD3d 1174, 1174 [2008]). His remaining arguments, to the extent that they are properly before us, have been considered and are lacking in merit.

Mercure, J.P., Peters, Spain, Kavanagh and Stein, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of failing to comply with facility correspondence procedures and imposed a penalty; petition granted to that extent, respondent Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record and matter remitted to the Commissioner for an administrative redetermination of the penalty on the remaining violation; and, as so modified, confirmed.