In the Matter of IAN DAWES, Petitioner, v D. VENETTOZZI, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [929 NYS2d 771]—

Petitioner was charged in two misbehavior reports with numerous prison disciplinary rule violations arising from his concealment of suspected items of contraband in his mouth and in his rectum. After a tier III disciplinary hearing, he was found guilty of creating a disturbance as charged in the first misbehavior report and interfering with an employee, refusing a direct order and failing to comply with frisk procedures as charged in the second misbehavior report. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Respondent concedes that the part of the determination finding petitioner guilty of creating a disturbance and interfering with an employee is not supported by substantial evidence and must be annulled (*see Matter of Samuels v Department of Correctional Servs. Staff*, 84 AD3d 1629, 1629 [2011]; *Matter of Rampersant v Selsky*, 32 AD3d 1085, 1086 [2006]). The part of the determination finding petitioner guilty of refusing a direct order and failing to comply with frisk procedures is supported by substantial evidence consisting of the second misbehavior report together with the testimony adduced at the hearing (*see Matter of Lewis v Goord*, 43 AD3d 1223, 1224 [2007], *lv dismissed* 9 NY3d 1030 [2008]; *Matter of Spulka v Goord*, 12 AD3d 1004, 1005 [2004]), which reveal that a correction officer noticed a foreign object protruding from petitioner's rectum during a strip frisk and, when that officer directed him to remove it, he inserted it further until it was no longer visible. Contrary to petitioner's claim, on the record before us, we find no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Harvey v Bradt*, 81 AD3d 1003, 1004 [2011]; *Matter of Kalwasinski v Bezio*, 80 AD3d 1068, 1069 [2011]). Since a loss of good time was imposed on the charges that have been annulled, the matter must be remitted to the Commissioner of Correctional Services for a reassessment of the penalty on the remaining charges (*see Matter of Samuels v Department of Correctional Servs. Staff*, 84 AD3d at 1629; *Matter of Quinones v Fischer*, 78 AD3d 1407, 1408 [2010]).

Mercure, J.P., Lahtinen, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of creating a disturbance and interfering with an employee and imposed a penalty; petition granted to that extent, the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record and matter remitted to the Commissioner for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed.