◼ In the Matter of MICHAEL F. RAMSEY, Appellant-Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, et al., Respondents. [940 NYS2d 350]—

(1) Appeal from a judgment of the Supreme Court (Ceresia Jr., J.), entered September 28, 2011 in Albany County, which dismissed that part of a petition, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner's grievance, and (2) proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.

In April 2011, petitioner filed a grievance seeking to be provided with a copy of the disciplinary rule prohibiting inmates from possessing gang-related materials (*see* 7 NYCRR 270.2 [B] [6] [iv]). His grievance was ultimately denied by the Central Office Review Committee. In the meantime, petitioner's cell was searched and, among other things, two photographs of persons exhibiting prohibited gang-related hand gestures were seized. As a result, petitioner was charged in a misbehavior report with possessing gang-related materials and contraband. Following a tier III disciplinary hearing, petitioner was found guilty of possessing gang-related materials and the determination was affirmed on administrative appeal. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging both the disciplinary determination and the denial of his grievance. Supreme Court addressed the denial of petitioner's grievance on the merits and issued a judgment dismissing that part of the petition seeking to vacate said determination. Petitioner appeals from that judgment. Supreme Court transferred the remaining portion of the petition seeking to annul the disciplinary determination to this Court for review.

Turning first to the denial of petitioner's grievance, our review is limited to whether the determination is "arbitrary and capricious or affected by an error of law" (*Matter of Abreu v Fischer*, 87 AD3d 1213, 1213 [2011]; *see Matter of Lopez v Fischer*, 83 AD3d 1230, 1231 [2011], *lv denied* 17 NY3d 709 [2011]). The record discloses that the rule at issue was posted in the general library, the law library and petitioner's housing unit, thereby giving petitioner full access. In view of this, we cannot conclude that the denial of petitioner's grievance was arbitrary, capricious or irrational (*see Matter of Jones v Bellamy*, 80 AD3d 1029, 1030 [2011]).

Turning next to the disciplinary determination, we find no

merit to petitioner's claim that he was improperly denied witnesses. The testimony of the Superintendent was not relevant to the charges against petitioner as he did not order the search of petitioner's cell and had no personal knowledge of the incident (*see Matter of Barnes v Prack*, 87 AD3d 1251, 1252 [2011]; *Matter of Lozada v Cook*, 67 AD3d 1232, 1233 [2009], *lv denied* 14 NY3d 706 [2010]). While inmate Brown refused to testify and petitioner was not provided with a copy of his refusal form, this inmate's testimony was also not relevant as it would have related to a misbehavior report filed against the inmate following a similar rule violation having nothing to do with the circumstances of petitioner's misbehavior report (*see Matter of White v Fischer*, 87 AD3d 1249, 1250 [2011]; *Matter of Smith v Fischer*, 79 AD3d 1491, 1492 [2010], *lv denied* 18 NY3d 802 [2011]). Finally, there was no reason for the law library officer to testify given that the Hearing Officer accepted petitioner's summary of this individual's proposed testimony as true.

Likewise, there is nothing in the record to substantiate petitioner's claim that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Harvey v Bradt*, 81 AD3d 1003, 1004 [2011]; *Matter of Wilcox v Fischer*, 78 AD3d 1394, 1395 [2010]). Furthermore, upon reviewing the transcript of the disciplinary hearing, we do not find that it is so deficient as to preclude meaningful review (*see Matter of Piper v Bezio*, 81 AD3d 1049, 1050 [2011]; *Matter of Quinones v Fischer*, 78 AD3d 1407, 1408 [2010]). We have considered petitioner's remaining arguments and find them to be unavailing.

Peters, J.P., Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs. Adjudged that the determination finding petitioner guilty of violating a prior disciplinary rule is confirmed, without costs, and petition dismissed. **[Prior Case History: 2011 NY Slip Op 32618(U).]**