■ In the Matter of ANGEL SUERO, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, et al., Respondents. [943 NYS2d 809]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

While a group of inmates were returning from a medication run, a correction officer noticed that petitioner appeared to have an object concealed in the palm of his right hand. When the officer directed petitioner to stand to the side, petitioner complied but proceeded to put the object in his mouth. The officer applied body holds to prevent petitioner from swallowing the object, but was unable to retrieve it. Petitioner attempted to strike the officer and a physical altercation ensued during which petitioner attempted to kick responding officers, assaulted another officer and ignored orders to stop struggling. He was eventually subdued. As a result of the foregoing, petitioner was charged in a misbehavior report with refusing a direct order, assaulting staff, engaging in violent conduct, smuggling and refusing to comply with frisk procedures. Following a tier III disciplinary hearing, he was found guilty of all charges except for refusing to comply with frisk procedures. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. The detailed misbehavior report and related documentation, together with the testimony of the correction officer who authored the report and another officer present at the scene, provide substantial evidence supporting the determination of guilt (*see Matter of Alache v Fischer*, 91 AD3d 1240, 1241 [2012]; *Matter of Wright v Fischer*, 87 AD3d 1211, 1212 [2011], *lv denied* 18 NY3d 804 [2012]). Petitioner's testimony that the misbehavior report was fabricated and that it was he

who was assaulted presented a credibility issue for the Hearing Officer to resolve (*see Matter of Harrington v Prack*, 91 AD3d 1244, 1245 [2012]; *Matter of Coleman v Fischer*, 87 AD3d 778, 779 [2011]). Moreover, we find no merit to petitioner's claim that he was denied the right to call witnesses at the hearing. The inmate witnesses who petitioner requested signed refusal forms that were provided to petitioner after the Hearing Officer personally confirmed that such refusals were genuine. Under the circumstances, petitioner's right to call witnesses was adequately protected (*see Matter of Reynolds v LaClair*, 89 AD3d 1338, 1339 [2011]; *Matter of Diaz v Fischer*, 87 AD3d 782, 783 [2011]). Lastly, there is nothing in the record to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Piper v Bezio*, 81 AD3d 1049, 1050 [2011]; *Matter of Harvey v Bradt*, 81 AD3d 1003, 1004 [2011]; *Matter of Truman v Fischer*, 75 AD3d 1019, 1020 [2010]).

Mercure, J.P., Rose, Spain, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.