■ In the Matter of MARK POSSERT, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [965 NYS2d 258]—

Peters, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with fighting, violent conduct and false statements after he sustained a six-to-eight-inch, bone-deep laceration while in the prison yard. Following a tier III disciplinary hearing, he was found guilty of all charges. That determination was upheld upon administrative review, prompting petitioner to commence this CPLR article 78 proceeding, which was transferred to this Court.*

We confirm. The Hearing Officer did not err in taking the testimony of certain witnesses by speaker phone, as a witness's physical presence at a disciplinary hearing is not required (*see Matter of Piper v Bezio*, 81 AD3d 1049, 1050 [2011]; *Matter of Davis v Prack*, 58 AD3d 977, 977 [2009]). Furthermore, gaps in the hearing transcript do not preclude meaningful judicial review (*see Matter of Ramsey v Fischer*, 93 AD3d 1000, 1002 [2012], *lv dismissed* 19 NY3d 955 [2012]; *Matter of Piper v Bezio*,

---

* Although this proceeding was improperly transferred, as no issue of substantial evidence was raised in the petition, we will retain jurisdiction and address the merits in the interest of judicial economy (*see Matter of Dillard v Fischer*, 98 AD3d 761, 761 [2012]).

81 AD3d at 1050). The Hearing Officer made reasonable, albeit unsuccessful, efforts to obtain the testimony of a physician from the hospital at which petitioner was treated (*see Matter of Vizcaino v Selsky*, 26 AD3d 574, 575 [2006], *lv denied* 7 NY3d 708 [2006]; *Matter of Otero v Goord*, 17 AD3d 805, 806-807 [2005]). In any event, the physician's testimony would have been redundant, as petitioner was able to question three other medical witnesses in his attempt to support his argument that the laceration was the result of a fall, rather than a fight (*see Matter of Brown v Taylor*, 62 AD3d 1230, 1231 [2009]). Finally, we find no evidence of bias by the Hearing Officer (*see Matter of Wright v Fischer*, 98 AD3d 759, 760 [2012]; *Matter of Suero v Fischer*, 95 AD3d 1509, 1510 [2012]). Petitioner's remaining contentions are either unpreserved or without merit.

Lahtinen, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.