Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Greene County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.
During a medication run, a facility nurse suspected that petitioner did not swallow his medication and was hoarding it instead. When confronted, petitioner became uncooperative and abusive, yelling profanities at the nurse. As a result, he was charged in a misbehavior report with refusing a direct order and creating a disturbance and his cell was searched. During the cell search, 200 stamps and a cigarette containing a green leafy substance, which later tested positive for marihuana, were found. Petitioner was charged in a second misbehavior report with possessing a controlled substance and possessing excessive stamps. Following a tier III disciplinary hearing addressing both misbehavior reports, wherein petitioner admitted that he had possessed marihuana and excessive stamps, he was found guilty of all of the charges. This determination was affirmed on administrative appeal.
One week later, petitioner was charged in another misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of THC. Following a tier III disciplinary hearing, he was found guilty of that charge as well, which determination was also upheld upon administrative appeal. Petitioner commenced this CPLR article 78 proceeding challenging both disciplinary determinations.
Initially, with regard to the first determination, the respondent concedes, and we agree, that the determination finding petitioner guilty of refusing a direct order is not supported by substantial evidence (see Matter of Dawes v Venettozzi, 87 AD3d 1219, 1220 [2011], lv denied 18 NY3d 803 [2012]; Matter of Samuels v Department of Correctional Servs. Staff, 84 AD3d 1629, 1629 [2011]). The remaining charges of creating a disturbance, possessing a controlled substance and possessing excessive stamps are supported by substantial evidence consisting of *994 the misbehavior reports together with petitioner’s admissions of guilt at the disciplinary hearing (see Matter of Toliver v Commissioner of Dept. of Corr. Servs., 98 AD3d 1151, 1151 [2012]; Matter of Sealey v Bezio, 95 AD3d 1577, 1578 [2012]). Moreover, to the extent that petitioner alleges that he was denied the right to be present during the search of his cell, this issue is unpreserved for our review because petitioner failed to raise this issue at the disciplinary hearing (see Matter of Hynes v Fischer, 104 AD3d 1015, 1016 [2013]; Matter of McKethan v Selsky, 300 AD2d 714, 715 [2002]; compare Matter of Mingo v Chappius, 106 AD3d 1160, 1161 [2013]). Accordingly, “because a loss of good time was imposed as part of the penalty and [one] charge must now be dismissed, we remit the matter for a redetermination of the penalty on the remaining violations” (Matter of Rampersant v Selsky, 32 AD3d 1085, 1086 [2006]; see Matter of Dawes v Venettozzi, 87 AD3d at 1220; Matter of Samuels v Department of Correctional Servs. Staff, 84 AD3d at 1629).
With regard to the second determination, the misbehavior report and the positive test results and related documentation provide substantial evidence supporting the determination of guilt (see Matter of Evans v Bezio, 84 AD3d 1622, 1622-1623 [2011]; Matter of Johnson v Fischer, 73 AD3d 1369, 1370 [2010]). We reject petitioner’s contention that the denial of his request to call the officers who conducted the search of his cell constituted a violation of his right to call witnesses. Insofar as the misbehavior report charged petitioner with using a controlled substance based upon a positive urinalysis test, the Hearing Officer properly concluded that the requested testimony would be irrelevant to the charge of which petitioner was found guilty (see Matter of Townes v Goord, 14 AD3d 754, 755 [2005]; Matter of Alexander v Goord, 3 AD3d 638, 638 [2004]). Contrary to petitioner’s contention, he did not request any other witnesses when given the opportunity (see Matter of Green v Fischer, 77 AD3d 1011, 1012 [2010], lv denied 16 NY3d 710 [2011], cert denied 132 S Ct 1047 [2012]).
We also reject petitioner’s claim that the Hearing Officer relied on evidence from the first hearing to support his finding of petitioner’s guilt in the second hearing. The record demonstrates that, although the same Hearing Officer presided over both of the hearings, he considered the evidence presented in each hearing separately and there is no evidence of bias affecting the outcome of either hearing (see Matter of Gargano v Goord, 278 AD2d 716, 717-718 [2000], lv denied 96 NY2d 716 [2001]; Matter of Matos v Goord, 267 AD2d 730, 731 [1999]). Finally, despite the inaudible gaps in the transcripts of the *995 disciplinary hearings, meaningful review is not precluded (see Matter of Davis v Fischer, 64 AD3d 847, 848 [2009], lv denied 13 NY3d 709 [2009]; Matter of Hodge v Selsky, 53 AD3d 953, 954 [2008]).
Petitioner’s remaining claims have either not been preserved for our review or are lacking in merit.
Peters, P.J., Spain, Garry and Egan Jr., JJ., concur. Adjudged that the determination dated February 8, 2012 is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner’s institutional record, and matter remitted to respondent for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed. Adjudged that the determination dated February 16, 2012 is confirmed, without costs, and petition dismissed to that extent.