■ In the Matter of SAMSON NYLANDER, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [996 NYS2d 802]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

During a search of petitioner's cell, a correction officer found two altered hot plates, three books of matches, one frying pan and an envelope containing a written list of various ingredients used to make crystal methamphetamine. As a result, petitioner was charged in a misbehavior report with possessing drugs or drug paraphernalia and altering personal property. At the tier III disciplinary hearing, he admitted to possessing the items in question and was found guilty of the charges. The determination was subsequently affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Initially, the misbehavior report, testimony of its author and admissions of petitioner provide substantial evidence supporting that part of the determination finding petitioner guilty of altering personal property (*see generally Matter of Whitt v Goord*, 259 AD2d 1045, 1045 [1999]). We reach a different conclusion, however, with respect to that part of the determination finding him guilty of possessing drugs or drug paraphernalia (*see* 7 NYCRR 270.2 [B] [14] [xv]). Significantly, no drugs were found in petitioner's cell and none of the items confiscated were implements of drug use (*compare Matter of Machicote v Bezio*, 87 AD3d 763, 763 [2011]; *Matter of Roman v Selsky*, 270 AD2d

519, 519 [2000]; *Matter of Moolenaar v Goord*, 266 AD2d 625, 625 [1999], *appeal dismissed* 94 NY2d 900 [2000]). In view of this, there is no support for the violation and the determination must be annulled to this extent. However, given that a loss of good time was imposed, the matter must be remitted for a redetermination of the penalty on the remaining charge (*see Matter of Cespedes v New York State Dept. of Correctional Servs.*, 68 AD3d 1429, 1430 [2009]; *Matter of Tevault v Fischer*, 61 AD3d 1161, 1163 [2009]). Petitioner's complaint that he was not permitted to observe the search of his cell has not been preserved for review due to his failure to raise it either at the hearing or in his administrative appeal (*see Matter of Daughtry v Bezio*, 84 AD3d 1623, 1624 [2011], *lv denied* 17 NY3d 709 [2011]; *Matter of Di Rose v New York State Dept. of Correction*, 228 AD2d 868, 869 [1996]).

Peters, P.J., Lahtinen, Garry, Lynch and Clark, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing drugs or drug paraphernalia and imposed a penalty; petition granted to that extent, the Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record, and matter remitted to the Commissioner of Corrections and Community Supervision for an administrative redetermination of the penalty on the remaining violation; and, as so modified, confirmed.