*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 18, 2014                 519027
_____

In the Matter of SAMSON
    NYLANDER,
                        Petitioner,

        v                                      MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
    et al.,
                        Respondents.
_____


Calendar Date:  October 21, 2014

Before:  Peters, P.J., Lahtinen, Garry, Lynch and Clark, JJ.

                        _____


        Samson Nylander, Auburn, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondents.

                        _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision which found petitioner guilty of violating
certain prison disciplinary rules.

        During a search of petitioner's cell, a correction officer
found two altered hot plates, three books of matches, one frying
pan and an envelope containing a written list of various
ingredients used to make crystal methamphetamine.  As a result,
petitioner was charged in a misbehavior report with possessing
drugs or drug paraphernalia and possessing an altered item.  At
the tier III disciplinary hearing, he admitted to possessing the

items in question and was found guilty of the charges. The determination was subsequently affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Initially, the misbehavior report, testimony of its author and admissions of petitioner provide substantial evidence supporting that part of the determination finding petitioner guilty of possessing an altered item (see Matter of Church v Fischer, 100 AD3d 1128, 1128 [2012]; Matter of Blanche v Selsky, 253 AD2d 944, 945 [1998], lv denied 92 NY2d 817 [1998]). We reach a different conclusion, however, with respect to that part of the determination finding him guilty of possessing drugs or drug paraphernalia (see 7 NYCRR 270.2 [B] [14] [xv]). Significantly, no drugs were found in petitioner's cell and none of the items confiscated were implements of drug use (compare Matter of Marchicote v Bezio, 87 AD3d 763, 763 [2011]; Matter of Roman v Selsky, 270 AD2d 519, 519 [2000]; Matter of Moonlenaar v Goord, 266 AD2d 625, 625 [1999], appeal dismissed 94 NY2d 900 [2000]). In view of this, there is no support for the violation and the determination must be annulled to this extent. However, given that a loss of good time was imposed, the matter must be remitted for a redetermination of the penalty on the remaining charge (see Matter of Cespedes v New York State Department of Correctional Servs., 68 AD3d 1429, 1430 [2009]; Matter of Tevault v Fischer, 61 AD3d 1161, 1163 [2009]). Petitioner's complaint that he was not permitted to observe the search of his cell has not been preserved for review due to his failure to raise it either at the hearing or in his administrative appeal (see Matter of Daughtry v Bezio, 84 AD3d 1623, 1624 [2011], lv denied 17 NY3d 709 [2011]; Matter of DiRose v New York State Dept. of Corrections, 228 AD2d 868, 869 [1996]).

Peters, P.J., Lahtinen, Garry, Lynch and Clark, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing drugs or drug paraphernalia and imposed a penalty; petition granted to that extent, the Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record, and matter remitted to the Commissioner of Corrections and Community Supervision for an administrative redetermination of the penalty on the remaining violation; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court