■ In the Matter of Bernard Cooper, Appellant, v Donald Selsky, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [824 NYS2d 490]—

Appeal from a judgment of the Supreme Court (Lamont, J.), entered October 27, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

While incarcerated at Southport Correctional Facility in Chemung County, petitioner sent a letter to his wife requesting her to send $30 to another inmate housed at the correctional facility. The letter was opened by a correction official and petitioner was charged in a misbehavior report with smuggling, soliciting and violating facility correspondence procedures. He was found guilty of all charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination on procedural grounds. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

Petitioner contends that the determination must be annulled because correction officials did not obtain the authorization of the superintendent of the facility to open his mail as required by Department of Correctional Services Directive No. 4422 (*see* 7 NYCRR 720.3 [e]). The evidence, however, demonstrates otherwise. The correction official who opened petitioner's mail

testified that she had authorization from the superintendent, and the confidential information further established that the superintendent gave written authorization. As petitioner raises no question of substantial evidence and his other contentions either have not been preserved or are lacking in merit, Supreme Court properly dismissed the petition.

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.