■ In the Matter of Jerome Anderson, Petitioner, v Brian Fischer, as Commissioner of Correctional Services, Respondent. [880 NYS2d 867]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

A parole officer searched the apartment of a former inmate and found a letter authored by petitioner in which he solicited the inmate's assistance in a planned escape from the correctional facility where he was confined. As a result, petitioner was charged in a misbehavior report with conspiracy to escape. He was found guilty of the charge following a tier III disciplinary hearing and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, letter that was admit-

tedly authored by petitioner and the testimony adduced at the hearing provide substantial evidence supporting the determination of guilt (*see Matter of Knight v McGinnis*, 10 AD3d 754, 755 [2004]; *Matter of Velez v Goord*, 262 AD2d 906 [1999]). Contrary to petitioner's claim, he was not improperly denied the right to call either the parole officer or the former inmate as witnesses at the hearing. Given that the parole officer did not decipher the letter, but merely turned it over to correction officials, his testimony would have been irrelevant to the charge (*see Matter of McKinley v Goord*, 47 AD3d 974, 974 [2008]; *Matter of Burgos-Morales v Goord*, 22 AD3d 999, 1000 [2005]). As for the former inmate, the Hearing Officer did not refuse him as a witness but rather made numerous attempts to contact him, all to no avail. Likewise, even though petitioner was not provided with a copy of the letter, he was not denied documentary evidence inasmuch as the Hearing Officer afforded him the opportunity to review it at the hearing (*see Matter of Harrison v Fischer*, 56 AD3d 917 [2008]). Petitioner's remaining contentions have been reviewed and are lacking in merit.

Cardona, P.J., Peters, Lahtinen, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.