■ In the Matter of ANTHONY DEVIVO, Petitioner, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [881 NYS2d 547]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After facility mailroom staff noticed that a piece of correspondence from petitioner, an inmate, was addressed to the family member of another inmate, permission was obtained from the superintendent of the facility to open the envelope. Contained in the envelope was a two-page letter to an inmate in another facility, and a short note to that inmate's daughter, asking her to make sure the inmate received the letter. Petitioner was thereafter charged in a misbehavior report with violating facility correspondence procedures. Following a tier III disciplinary hearing, petitioner was found guilty. Petitioner's unsuccessful

---

* This Court granted respondents' subsequent motion for a stay pending appeal.

administrative appeal prompted this CPLR article 78 proceeding seeking annulment.

We confirm. To the extent that the petition can be construed as challenging the determination of guilt on the ground that it was not supported by substantial evidence, we find that the misbehavior report, together with the confiscated letters and petitioner's admission at the hearing, provide the necessary evidence (*see Matter of Ponder v Fischer*, 56 AD3d 1094, 1094 [2008]; *Matter of Cortorreal v Goord*, 41 AD3d 1048, 1048 [2007]).

Petitioner further contends that the determination must be annulled inasmuch as correction officials did not obtain the proper authorization to open his mail. However, pursuant to 7 NYCRR 720.3 (e) (1), outgoing inmate mail may be opened upon proper authorization from the superintendent when "there is a reason to believe that the provisions of any department directive, rule or regulation have been violated." Furthermore, 7 NYCRR 720.3 (b) (3) requires advance approval of inmate mail directed to inmates in other state correctional facilities. Here we find no impropriety, inasmuch as the record contains the written authorization form signed by the facility's superintendent based on the suspicion that petitioner was "kiting," or seeking to communicate with an inmate in another facility by sending correspondence through a third person without prior approval (*see Matter of Cooper v Selsky*, 34 AD3d 1133, 1133-1134 [2006]; *Matter of Knight v McGinnis*, 10 AD3d 754, 755 [2004]).

Cardona, P.J., Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.