In the Matter of CARLOS LOZADA, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [890 NYS2d 710]—

As the result of an authorized mail watch, correction officials discovered letters from petitioner to inmates in other correctional facilities secreted in a letter sent by petitioner to his daughter. Based on this discovery, petitioner was charged in a misbehavior report with failing to comply with correspondence procedures, smuggling, impersonation, providing legal assistance to another inmate and making an unauthorized exchange. Following a tier III disciplinary hearing, petitioner was found guilty of smuggling, impersonation and failing to comply with correspondence procedures, and found not guilty of the remaining charges. This determination was affirmed on administrative appeal, prompting this CPLR article 78 proceeding.

We confirm. The misbehavior report, together with the correspondence intercepted through the mail watch and the hearing testimony, provide substantial evidence to support the determination (*see Matter of Knight v McGinnis*, 14 AD3d 984 [2005]). Contrary to petitioner's contention, the written authorization for the mail watch signed by the facility Superintendent satisfied the requirements of 7 NYCRR 720.3 (e) (1) (*see Matter of Devivo v Bezio*, 63 AD3d 1489, 1490 [2009]). Moreover, the Hearing Officer was not required to independently assess the credibility of the confidential information that prompted the mail watch, as that information was not considered in determining petitioner's guilt (*see Matter of Muller v Fischer*, 62 AD3d 1191, 1191-1192 [2009]; *Matter of Kirby v Leclaire*, 47 AD3d 1174,

1175 [2008]). Petitioner's remaining claims are either unpreserved for our review or without merit.

Mercure, J.P., Peters, Lahtinen, Kane and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.