■ In the Matter of RAMAL DAVIS, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [920 NYS2d 917]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, claims to have observed a correction counselor having inappropriate contact with another inmate while a parole officer acted as the lookout. He wrote a letter to the parole officer complaining that he was being set up with respect to this incident and threatened to take adverse action. As a result, petitioner was charged in a misbehavior report with harassment, interfering with an employee, making false statements, making threats and violating facility correspondence procedures. At the conclusion of a tier III disciplinary hearing, he was found guilty of the charges. On administrative appeal, the determination was modified and the charge of interfering with an employee was dismissed. This CPLR article 78 proceeding ensued.

Initially, petitioner contends that the misbehavior report was defective because it was not prepared by the parole officer to whom the letter was addressed. Given that the report was authored by the correction counselor who was involved in the incident and had acquired knowledge of the facts (*see Matter of Winbush v Goord*, 6 AD3d 821, 822 [2004]), we cannot agree. Turning to the merits, the misbehavior report, together with the letter admittedly authored by petitioner and the testimony adduced at the hearing, provide substantial evidence supporting the determination of guilt (*see Matter of Lozada v Fischer*, 68 AD3d 1306, 1306 [2009], *lv denied* 14 NY3d 704 [2010]; *Matter of Anderson v Fischer*, 63 AD3d 1462, 1462-1463 [2009]). Petitioner's remaining contentions have either not been preserved for our review or are lacking in merit.

Peters, J.P., Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.