■ In the Matter of ADAM WRIGHT, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [929 NYS2d 781]—

Petitioner was charged in a misbehavior report with smuggling and possessing a tool without authorization after the vocational drafting instructor found a computer disk in a notebook underneath petitioner's assigned computer keyboard in the vocational drafting classroom. Following a tier III disciplinary hearing, petitioner was found not guilty of smuggling, but guilty of unauthorized possession of a tool. The determination was affirmed on administrative appeal and the penalty was partially modified thereafter. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and related documentation, together with the testimony adduced at the hearing, provide substantial evidence supporting the determination finding petitioner guilty of possessing the floppy disk which constituted an unauthorized tool (*see Matter of Parra v Fischer*, 76 AD3d 724, 725 [2010], *lv denied* 15 NY3d 714 [2010]; *Matter of Dexter v Goord*, 43 AD3d 516, 517 [2007]). The reasonable inference of possession arises from petitioner's control of the area where the disk was found, as was established by the testimony of the vocational drafting instructor who indicated that petitioner had used his assigned computer just prior to the two-day closure of the classroom and that the disk was found before classes commenced on the morning that the classroom opened (*see Matter of Daughtry v Bezio*, 84 AD3d 1623, 1624 [2011], *lv denied* 17 NY3d 709 [2011]; *Matter of Trisvan v Fischer*, 71

AD3d 1253, 1254 [2010]). Petitioner's denial of possession and suggestion that the instructor fabricated the evidence against him presented a credibility issue for the Hearing Officer to resolve (*see Matter of Parra v Fischer*, 76 AD3d at 725; *Matter of Black v Goord*, 12 AD3d 1005, 1006 [2004]). As for petitioner's claim that the Inspector General's investigation was inadequate, this was the subject of a separate grievance and is not part of this proceeding challenging the prison disciplinary determination (*see Matter of Samuels v Department of Correctional Servs. Staff*, 84 AD3d 1629, 1630 [2011]). Petitioner's remaining contentions either have not been preserved for our review or are lacking in merit.

Mercure, J.P., Spain, Rose, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.