■ In the Matter of DANIEL WILLIAMS, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [940 NYS2d 689]—

Appeal from a judgment of the Supreme Court (McGrath, J.), entered April 18, 2011 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

As the result of an authorized mail watch, correction officials recovered a letter written by petitioner and addressed to an individual in Brooklyn that contained numerous gang-related references. Consequently, he was charged in a misbehavior report with engaging in gang-related activities and violating facility correspondence rules. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. Following joinder of issue, Supreme Court dismissed the proceeding and this appeal ensued.

Petitioner challenges the validity of the mail watch authorization and asserts that it had to have been obtained prior to June 2, 2010, the date of the letter containing the gang-related references. He further contends that the misbehavior report failed to give him sufficient notice of the charges because it set forth an incident date of July 16, 2010 that did not coincide with the date of the letter. We find petitioner's arguments to be without merit. A review of the confidential information considered by the Hearing Officer in camera reveals that there was a sound basis for the mail watch authorization, that the written authorization was issued prior to the date of the letter at issue, and that all appropriate procedures were followed (*see* 7 NYCRR 720.3 [e] [1], [2]; *Matter of Lozada v Fischer*, 68 AD3d 1306, 1306 [2009], *lv denied* 14 NY3d 704 [2010]; *Matter of Cooper v Selsky*, 34 AD3d 1133, 1133-1134 [2006]). Moreover, the fact that the date of the incident did not coincide with the date of the letter is of no moment considering that the mail watch was part of an ongoing investigation into petitioner's gang-related activities. The misbehavior report specifically identified the recipient of the letter as well as many of the gang-related terms contained therein, and also set forth the disciplinary rule violations. Thus, it clearly provided petitioner with sufficient notice of the charges to enable him to prepare a defense (*see* 7 NYCRR 251-3.1 [c]; *Matter of Pisano v Fischer*, 87 AD3d 1247, 1248 [2011]; *Matter of Cognata v Fischer*, 85 AD3d 1456, 1457 [2011]). In view of the foregoing, Supreme Court properly dismissed the petition.

Peters, J.P., Spain, Kavanagh, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.