During a search of petitioner’s cell, a correction officer found W-2 tax forms in a storage bin in the back of his cell containing the personal information of five individuals. As a result, he was charged in a misbehavior report with possessing an unauthorized item and exchanging an article without authorization. Following a tier III disciplinary hearing, he was found guilty of the former charge, but not of the latter. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.
We confirm. The misbehavior report, documentary evidence and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Wright v Fischer, 87 AD3d 1211, 1211 [2011], lv denied 18 NY3d 804 [2012]; Matter of Perez v Fischer, 69 AD3d 1279, 1279 [2010]). We reject petitioner’s claim that the documents at issue were the basis for a prior disciplinary proceeding and that he is being prosecuted again for the same offense in violation of the double jeopardy clause. The incident at issue in the prior proceeding involved petitioner’s attempt to mail out W-2 forms to obtain tax money, and the correction officer who investigated it testified that such forms would have been confiscated from petitioner at that time because they were part of a fraud. The Hearing Officer noted that the W-2 forms were filled out in triplicate and that, because they were not redacted, it appeared that petitioner had kept one copy of the forms after mailing out the others. Petitioner concedes that continued possession of these forms was not au *868 thorized; as this act was separate from the misconduct underlying the prior disciplinary charges, there was no double jeopardy violation (see e.g. Matter of Green v Selsky, 275 AD2d 867, 868 [2000], lv denied 97 NY2d 602 [2001]). We further reject petitioner’s claim that he was improperly denied the right to call a mental health counselor as a witness given that her testimony would have been irrelevant (see Matter of Lozada v Cook, 67 AD3d 1232, 1233 [2009], lv denied 14 NY3d 706 [2010]; Matter of Haden v Selsky, 57 AD3d 1056, 1057 [2008]). Petitioner’s remaining contention has not been properly preserved for our review.
Mercure, J.E, Spain, Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.