■ In the Matter of ANDRE CHANDLER, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Services, et al., Respondents. [957 NYS2d 922]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.

As the result of an authorized mail watch, correction officials discovered an outgoing letter written by petitioner that contained numerous gang-related references and code terms. Accordingly, petitioner was charged in a misbehavior report with violating prison disciplinary rules relating to gang activity and organizing a prohibited demonstration. Following a tier III disciplinary hearing, petitioner was found guilty of the charge relating to gang activity and was found not guilty of the demonstration charge. The disposition was upheld upon administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. The misbehavior report, copy of the letter, mail watch authorization form and hearing testimony—including petitioner's admission that he authored the letter—provide substantial evidence to support the determination (*see Matter of Williams v Fischer*, 93 AD3d 1051, 1052 [2012]; *Matter of Santana v Fischer*, 78 AD3d 1364, 1364 [2010]). Contrary to petitioner's contention, the record reflects that the letter was intercepted pursuant to a properly authorized mail watch (*see* 7 NYCRR 720.3 [e] [1]; *Matter of Williams v Fischer*, 93 AD3d at 1052). Finally, we are not convinced that petitioner was denied any relevant witnesses, and his claim that he was denied access to the mail watch authorization is belied by the record.

Peters, P.J., Rose, Stein, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.