■ In the Matter of KENNETH MYERS, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, et al., Respondents. [966 NYS2d 615]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

After petitioner was released from his cell to go to the yard, a correction officer observed him bend down and retrieve a piece of white tissue paper from the floor. Prior to submitting to a pat frisk, the officer saw petitioner remove the tissue paper from his coat pocket and discard it. The officer retrieved the tissue paper from the floor and, upon further examination, discovered that it contained six pills that were identified by the facility nurse as Ultram, a nonnarcotic controlled substance. As a result of this incident, petitioner was charged in a misbehavior report with possessing unauthorized medication, possessing an article in an unauthorized area and smuggling. He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, related documentation and testimony presented at the hearing provide substantial evidence supporting the determination of guilt (*see Matter of Wright v Fischer*, 87 AD3d 1211, 1211 [2011], *lv denied* 18 NY3d 804 [2012]; *Matter of Thorpe v Fischer*, 53 AD3d 1003, 1004 [2008]). Petitioner admitted that he picked up the paper from the ground but maintained that he did not open it and that he discarded it prior to being frisked. He claimed that he discarded the paper to a nearby table and that the paper found by the correction officer on the floor which contained the pills belonged to some other inmate in the medical unit where he was housed. While plausible, petitioner's testimony presented an issue of credibility for the Hearing Officer to resolve (*see Matter of Cowan v Fischer*, 64 AD3d 839, 839 [2009]; *Matter of Burgess v Goord*, 30 AD3d 877, 878 [2006]). We have considered petitioner's remaining contentions and find that they are either unpreserved for our review or are lacking in merit.

Rose, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Adjudged

that the determination is confirmed, without costs, and petition dismissed.