Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
As the result of an authorized mail watch, correction officials intercepted three outgoing letters written by petitioner allegedly requesting that the recipient bring drugs to him at the correctional facility. Petitioner was thereafter charged in a misbehavior report with soliciting, smuggling and conspiring to introduce drugs into the facility. Following a disciplinary hearing, petitioner was found guilty of all charges and that determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We annul. A superintendent of a correctional facility may authorize a mail watch only where “there is a reason to believe that the provisions of any department directive, rule or regulation have been violated, that any applicable state or [f]ederal law has been violated, or that such mail threatens the safety, security, or good order of a facility or the safety or well being of any person” (7 NYCRR 720.3 [e] [1]). Where a mail watch has been authorized, such authorization must “set forth the specific facts forming the basis for the action” (7 NYCRR 720.3 [e] [1]). Here, the Superintendent’s authorization failed to set forth any facts upon which its issuance was based, stating only that it was based upon a request of a deputy superintendent “to investigate activity that may jeopardize the safety and security of the facility.” Inasmuch as the authorization was not in compliance with the applicable regulation, it was invalid and the resulting mail watch was not properly authorized (compare Matter of Santana v Fischer, 78 AD3d 1364, 1364 [2010]; Matter of Lozada v Fischer, 68 AD3d 1306, 1306 [2009], lv denied 14 NY3d 704 [2010]). Therefore, the determination of guilt — which was premised on the mail intercepted pursuant to the invalid authorization— must be annulled. In light of this conclusion, we need not address the remaining contentions advanced by petitioner.
Peters, EJ., Lahtinen, Stein and Garry, JJ., concur.
Adjudged that the determination is annulled, without costs, petition granted, and respondent is directed to expunge all references thereto from petitioner’s institutional records.