In the Matter of JAMES PINE, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [988 NYS2d 283]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Greenhaven Correctional Facility and a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

During a search of petitioner's cell, correction officials recovered an item that appeared to be two screws welded together attached to a hex head, as well as an unlabeled pill bottle containing 23 unidentified pills. As a result, he was charged in a misbehavior report with possessing an unauthorized tool, possessing unauthorized medication and possessing an altered item. Following a tier II disciplinary hearing, petitioner was found guilty of the first and second charges, but not guilty of the third. The determination was later affirmed on administrative appeal.

Thereafter, a sample of petitioner's urine twice tested positive for the presence of opiates and he was charged in a second misbehavior report with using a controlled substance. Petitioner was found guilty of the charge following a tier III disciplinary hearing and this determination was also affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging both determinations.

Petitioner argues that the charge of possessing unauthorized medication (*see* 7 NYCRR 270.2 [B] [14] [iv]) must be dismissed because the Hearing Officer failed to contact or call officials of the prison commissary to support his defense that the unidentified pills in issue were vitamin B12 pills purchased at the commissary, and were not medicine. While the transcript, which contains gaps, does not reflect that he specifically requested these witnesses or related documents at the hearing, he sufficiently raised this issue on administrative appeal so as to preserve it for our review (*see Matter of Cayenne v Goord*, 16 AD3d 782, 784 [2005]).

With regard to the charge of unauthorized possession of medicine, the misbehavior report alleged that prison officials found in petitioner's cell "one pill bottle with no label and 23 unidentifiable pills inside the bottle," and that they were "taken to medical and medical was unable to identify the pills." Petitioner, the only witness to testify at the hearing, claimed that the pills were vitamins that he purchased at the commissary. The pills were not further tested or identified (*compare* 7 NYCRR 1010.4), no medical witnesses testified and no proof was submitted that petitioner was not authorized to possess vitamins or as to whether they were sold at the commissary (*cf. Matter of Myers v Fischer*, 107 AD3d 1189, 1189 [2013], *appeal dismissed* 22 NY3d 912 [2013]). In his ruling, the Hearing Officer recognized that the pills "could be vitamins."

We note the lack of a definition clarifying whether vitamins constitute "medicine" under the charge here, which does not more broadly proscribe possession of all "pills" (7 NYCRR 270.2 [B] [14] [iv]).* Given the absence of any evidence or testimony establishing the type of pills found or petitioner's authorization to possess them, we find that it was error to fail to contact the commissary employees for information or to call any witnesses to resolve these disputed issues. Further, we find that the determination of guilt as to the charge of possessing unauthorized medication is not supported by substantial evidence and must be annulled (*cf. Matter of Bilal v Fischer*, 92 AD3d 1046, 1047 [2012]; *Matter of Hoskins v Fischer*, 49 AD3d 1009, 1009-1010 [2008]), with all references thereto expunged from petitioner's institutional record (*see Matter of Lashway v Fischer*, 117 AD3d 1141, 1143 [2014]). Inasmuch as petitioner has already served the penalty and a loss of good time was not imposed, the matter need not be remitted for a redetermination of the penalty on

---

* Petitioner was not charged under 7 NYCRR 270.2 (B) (14) (xiii), which provides more broadly that "an inmate shall not possess any item unless it has been specifically authorized."

the remaining violation under this misbehavior report (*see Matter of Sylvester v Fischer*, 108 AD3d 951, 952 [2013]).

However, petitioner's claims that he was improperly denied documentary evidence or witnesses at the tier III hearing were not raised either at the hearing or on administrative appeal and, therefore, they have been waived (*see Matter of Ayala v Fischer*, 94 AD3d 1319, 1320 [2012]). As for petitioner's assertion that the Hearing Officer who presided over the tier III hearing predetermined his guilt, we find no indication of bias or that the determination flowed from any alleged bias (*see Matter of Bridgeforth v Fischer*, 69 AD3d 1068, 1069 [2010]; *Matter of Moss v Goord*, 36 AD3d 977, 978 [2007]).

Peters, P.J., Stein, Garry, Lynch and Devine, JJ., concur. Adjudged that the determination of the Superintendent of Greenhaven Correctional Facility is modified, without costs, by annulling so much thereof as found petitioner guilty of unauthorized possession of medicine; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institution record; and, as so modified, confirmed. Adjudged that the determination of respondent is confirmed, without costs, and petition dismissed to that extent.