*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 13, 2014                    518808
_____

In the Matter of RICHARD
   RIVERA,
                    Petitioner,

        v                                    MEMORANDUM  AND  JUDGMENT

COMMISSIONER OF DOCS,
                    Respondent.
_____

Calendar Date:  September 16, 2014

Before:  Lahtinen, J.P., Garry, Egan Jr., Devine and Clark, JJ.

_____

        Richard Rivera, Dannemora, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

        Petitioner, an inmate, was found with two pills, later determined to be 800 mg each of Neurontin, in his pocket.  He was charged in a misbehavior report with unauthorized possession of medication and smuggling.  A search of his cell shortly thereafter disclosed unauthorized items including 165 postage stamps, 14 pills later determined to be Neurontin (three were 300 mg and 11 were 800 mg), 32 packs of cigarettes, and 20 packages of tobacco.  He was charged in a second misbehavior report with possession of unauthorized medication, possession of excessive quantities of stamps and tobacco, and smuggling.  After a hearing, he was found not guilty of the smuggling charges but

guilty of the remaining charges, and a penalty was imposed. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We confirm.  The detailed misbehavior reports and documentary evidence provide substantial evidence of petitioner's guilt (see Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]; Matter of McKinley v Goord, 40 AD3d 1280, 1280 [2007], lv denied 9 NY3d 807 [2007]).  The record reflects that the facility nurse identified all of the pills as Neurontin and indicated that the 800 mg pills had been prescribed to petitioner for pain medication but were required to be administered by nursing staff and taken when given, but that petitioner had no order for the 300 mg pills (see 7 NYCRR 1010.4 [d]).  Petitioner's testimony that he was authorized "not to tak[e] it sometimes" did not establish that he was permitted to possess and carry the pills, nor establish any authorization for the 300 mg pills (see Matter of Hoskins v Fischer, 49 AD3d 1009, 1009-1010 [2008], lv denied 9 NY3d 807 [2007]).  Further, while petitioner's challenge to the proof of the value of the stamps was preserved, having been raised on his administrative appeal (see Matter of Pine v Fischer, 118 AD3d 1196, 1197 [2014], lv denied 24 NY3d 904 [2014]), it lacks merit.  Rule 113.16 prohibits possession of stamps exceeding $22.50 in value, and the record contains documentary evidence revealing a violation (see 7 NYCRR 270.2 [B] [14] [vi]).  Further, while there are gaps in the hearing transcript, we do not find that they preclude meaningful review (see Matter of Merritt v Fischer, 108 AD3d 993, 994-995 [2013]). Petitioner's remaining claims also lack merit.

Lahtinen, J.P., Garry, Egan Jr., Devine and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court