*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 11, 2014                518438
_____

In the Matter of GEORGE HAYES,
                    Petitioner,

            v
                                        MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
    of Corrections and Community
    Supervision,
                    Respondent.
_____

Calendar Date:  October 21, 2014

Before:  McCarthy, J.P., Garry, Rose, Lynch and Devine, JJ.

_____

        George Hayes, Dannemora, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

_____


        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

        Petitioner commenced this CPLR article 78 proceeding challenging an administrative determination finding him guilty of violating, as is relevant herein, the prison disciplinary rules that prohibit possession of alcohol, possession of an altered item, smuggling and property damage.[1]  The charges stem from the

_____

        [1]  Although petitioner was also found guilty of refusing a direct order and a urinalysis testing violation as charged in a separate misbehavior report, he has abandoned any challenge

discovery of a 54-quart bin of fermenting liquid containing fruit and socks filled with bread. A rubber hose — later identified as missing from the mess hall — was also in the bin that, apparently, was being used as a syphon. Numerous empty clear plastic bottles were also discovered following a search of petitioner's cell.

The misbehavior report, related documentation and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Sorrentino v Fischer, 78 AD3d 1354, 1355 [2010]; Matter of Butler v Fischer, 74 AD3d 1651, 1652 [2010]). To the extent that petitioner claims that he was improperly denied the right to call a witness, the record establishes that the Hearing Officer appropriately determined that the requested testimony was irrelevant (see Matter of Credell v Fischer, 120 AD3d 857, 857-858 [2014]; Matter of Reynoso v Fischer, 73 AD3d 1315, 1316 [2010]). Petitioner's remaining contentions, to the extent they are discernable, have been reviewed and found to be without merit.

McCarthy, J.P., Garry, Rose, Lynch and Devine, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court

---

thereto by not advancing any argument regarding the same in his brief.