## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  December 17, 2015                    519265
_____

In the Matter of ALFONSO
    RIZZUTO,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

ROD EASTMAN, as Captain at
    Great Meadow Correctional
    Facility, et al.,
                        Respondents.
_____

Calendar Date:  October 27, 2015

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

_____

        Alfonso Rizzuto, Duryea, Pennsylvania, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondents.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Superintendent of Great Meadow Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with wasting state food, violating mess hall procedures, creating a disturbance and being out of place.  According to the misbehavior report, petitioner, who has special dietary restrictions due to food allergies, was given his special food tray that had been prepared by the food service cook.  Petitioner then stepped into the regular meal line and had kidney bean creole placed on his food tray.  This was observed by the food service cook who took

the tray away from petitioner and had to make another special diet tray.  Petitioner then became loud, stating that food service was retaliating against him.  Following a tier II disciplinary hearing, petitioner was found guilty of all charges with the exception of being out of place.  The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm.  The misbehavior report and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Barclay v Knowles, 79 AD3d 1550, 1550 [2010]; Matter of Antonucci v David, 306 AD2d 654, 654 [2003]). Petitioner's denial of any misconduct and claim that the charges were retaliatory presented a credibility issue for the Hearing Officer to resolve (see Matter of Lopez v New York State Dept. of Corr. & Community Supervision, 125 AD3d 1032, 1033 [2015]). Furthermore, given the nature of the charges, a review of the record establishes that petitioner was not denied the right to call relevant witnesses (see Matter of Chandler v Fischer, 102 AD3d 1045, 1045 [2013]).  Although there are gaps in the hearing transcript, we do not find that meaningful review is precluded (see Matter of Clark v Annucci, 128 AD3d 1254, 1255 [2015]; Matter of Rivera v Commissioner of DOCS, 122 AD3d 1052, 1053 [2014]).  We have reviewed petitioner's remaining contentions and find them to be without merit.

Peters, P.J., Lahtinen, Garry and Lynch, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



ENTER:

Robert D. Mayberger
Clerk of the Court