### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  July 21, 2016                    521034
_____

In the Matter of JASON RAMOS,
                    Petitioner,

        v                                   MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:   June 6, 2016

Before:   Lahtinen, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

                    _____

        Donna H. Lee, Main Street Legal Services, Long Island City,
for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Martin A.
Hotvet of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with
possessing gang-related material, conspiring to possess weapons,
conspiring to possess tobacco in the special housing unit,
smuggling, conspiring to introduce narcotics into the facility
and violating facility correspondence procedures.  Following a
tier III disciplinary rehearing, petitioner was found guilty of
all charges except the tobacco charge, and a penalty was imposed.
The determination of guilt — based in large measure upon
correspondence that was intercepted by correction officials — was

affirmed upon administrative review, and this CPLR article 78 proceeding ensued.

Petitioner argues that his mail was opened in violation of established mail watch procedures. Specifically, petitioner contends that the "express written authorization" that permitted facility personnel to open, inspect or read his outgoing correspondence (7 NYCRR 720.3 [3] [e]) failed to "set forth the specific facts forming the basis for the action" (7 NYCRR 720.3 [e] [1]) and, as such, the subject authorization was invalid.[1] Upon reviewing the document at issue, we agree. Accordingly, the determination of guilt must be annulled (see Matter of Mena v Fischer, 115 AD3d 1039, 1039 [2014]; compare Matter of Santana v Fischer, 78 AD3d 1364, 1364 [2013]). In light of this conclusion, we need not address the remaining arguments raised by petitioner.

Lahtinen, J.P., Egan Jr., Lynch, Clark and Aarons, JJ., concur.

ADJUDGED that the determination is annulled, without costs, petition granted, and respondent is directed to expunge all references to this matter from petitioner's institutional record and to restore any loss of good time.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1] Similar provisions govern the reading of incoming correspondence (see 7 NYCRR 720.4 [e], [f]).