*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 15, 2016                    522449
_____

In the Matter of CONRAD
    MARHONE,
                        Petitioner,

        v

W. CONROY, as Correction
    Officer at Attica
    Correctional Facility,
                        Respondent.
_____

MEMORANDUM AND JUDGMENT

Calendar Date:   October 25, 2016

Before:   Garry, J.P., Egan Jr., Lynch, Rose and Devine, JJ.

_____

Conrad Marhone, Pine City, petitioner pro se.

Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with violating facility correspondence rules, smuggling and solicitation.  The charges stemmed from petitioner mailing an envelope to respondent, a correction officer who worked as the facility property officer, containing two letters addressed to the facility steward and the inmate records coordinator. Following a tier III disciplinary hearing, petitioner was found guilty of violating facility correspondence rules and the other

charges were dismissed.  That determination was affirmed on administrative review, and this CPLR article 78 proceeding ensued.

We confirm.  The misbehavior report, documentary evidence and the hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Tafari v Annucci, 137 AD3d 1356, 1357 [2016]; Matter of Rodriguez v Fischer, 120 AD3d 855, 855 [2014]).  Regarding inmate correspondence, "[a]n inmate shall not include any written material in outgoing mail not specifically intended for the addressee identified on the exterior of the envelope" (7 NYCRR 720.3 [p]).  Respondent testified that he received an envelope addressed to him through the facility mail system, containing the letters addressed to the other parties.  Petitioner's contention, that he should not have been found guilty because respondent admittedly did not save the exterior envelope, is unavailing.  Petitioner admitted to writing the letters and argued at the hearing that, rather than sending them to respondent, he sent them in an envelope addressed to the facility superintendent.  Therefore, even accepting petitioner's version of the events, his conduct still violated the correspondence rules.  In light of this, we find no error in the Hearing Officer's denial of certain witnesses whose testimony would have been irrelevant (see Matter of Hayes v Fischer, 123 AD3d 1266, 1267 [2014]; Matter of Grant v Rock, 122 AD3d 1225, 1226 [2014]).

Finally, for the reasons stated in Matter of Marhone v Schuck (142 AD3d 1232 [2016]), we reject petitioner's contention that Supreme Court abused its discretion in denying his motion to consolidate this proceeding with a separate proceeding challenging an unrelated disciplinary determination. Petitioner's remaining claims have been considered and found to be without merit.

Garry, J.P., Egan Jr., Lynch, Rose and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court