■ In the Matter of LAWRENCE GEORGE WILSON, Petitioner, v COMMISSIONER OF NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION et al., Respondents. [48 NYS3d 855]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

During the course of an investigation, correction officials conducted a mail watch of petitioner's outgoing correspondence, monitored his telephone calls and subpoenaed certain bank records. They obtained information, some of which was confidential, suggesting that petitioner was involved in the operation of two limited liability corporations. The investigation disclosed, among other things, that petitioner enlisted the aid of another inmate and that inmate's brother, to whom he had given a power of attorney, in furtherance of his business pursuits. The investigation also revealed that, after revoking the power of attorney that he had given to the inmate's brother, petitioner corresponded with two outside individuals seeking assistance with his business dealings. As a result of his activities, petitioner was charged in a misbehavior report with bribery, solicitation, possessing personal identifying information, violating facility correspondence procedures and receiving compensation for providing legal assistance. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Initially, respondents concede, and we agree, that the part of the determination finding petitioner guilty of bribery and possessing personal identifying information is not supported by substantial evidence and, therefore, must be annulled. As for that part of the determination finding petitioner guilty of solicitation and violating facility correspondence procedures, such determination is based largely upon correspondence intercepted through the mail watch that petitioner argues was not properly authorized. The pertinent regulation, 7 NYCRR 720.3 (e), provides that a mail watch involving the inspection of an inmate's outgoing mail shall only be permitted upon "express written authorization from the facility superintendent." It further provides that such authorization shall not be granted "unless there is a reason to believe that the provisions of any department directive, rule or regulation have been violated, that any applicable state or Federal law has been

violated, or that such mail threatens the safety, security, or good order of a facility or the safety or well being of any person" (7 NYCRR 720.3 [e] [1]). Significantly, the regulation requires that the "written authorization . . . set forth the specific facts forming the basis for the action" (7 NYCRR 720.3 [e] [1]).

Here, petitioner requested a copy of the mail watch authorization four times during the course of the hearing, but it was never produced and is not part of the record. Although the senior investigator testified that the mail watch was authorized by the Superintendent of the facility, the reason for its issuance and the specific facts underlying it were never disclosed and are not apparent from the record. Under these circumstances, we find that authorization for the mail watch was not established in accordance with the requirements of 7 NYCRR 720.3 (e) (1) (see Matter of Mena v Fischer, 115 AD3d 1039, 1039 [2014]). Inasmuch as correspondence obtained through the unlawful mail watch was instrumental in finding petitioner guilty of solicitation and violating facility correspondence procedures, that part of the determination must also be annulled (see Matter of Ramos v Annucci, 141 AD3d 977, 977 [2016]; Matter of Mena v Fischer, 115 AD3d at 1039).

Lastly, that part of the determination finding petitioner guilty of receiving compensation in exchange for providing legal assistance is based upon conversations allegedly heard by the senior investigator during the monitoring of petitioner's telephone calls. However, the hearing transcripts containing the investigator's testimony have significant inaudible gaps with respect to this subject and the transcripts of the recorded telephone conversations were not produced at the hearing and are not part of the record. Moreover, the inmate who petitioner assisted with legal work testified that petitioner was not provided with any compensation. Accordingly, we find that, under the circumstances presented, substantial evidence also does not support that part of the determination finding petitioner guilty of this rule violation (see e.g. Matter of Early v Coughlin, 198 AD2d 758, 758 [1993]). In view of the foregoing, the determination must be annulled in its entirety. Given our disposition, we need not address petitioner's remaining claims.

McCarthy, J.P., Egan Jr., Rose, Clark and Aarons, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner's institutional record.