Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
As the result of an ongoing investigation, petitioner was charged in a misbehavior report with soliciting, attempted drug possession, smuggling, violating facility packaging procedures, engaging in a third-party call and using another inmate’s personal identification number. The charges stem from a review of petitioner’s telephone calls to his wife and a package sent to the correctional facility as directed by petitioner during the calls in which 57 pills were found inside bags of candy, which were later identified by the correction facility pharmacist as suboxone. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and that determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
Initially, respondent concedes, and our review of the record confirms, that the charge of using another inmate’s personal identification number is not supported by the record and must be expunged from petitioner’s institutional record. As the penalty imposed included a loss of good time, the matter must be remitted to respondent for a redetermination of the penalty on the remaining charges (see Matter of Bailey v Annucci, 142 AD3d 1195, 1196 [2016]).
We find that the remaining charges are supported by substantial evidence in the form of the misbehavior report, supporting documentation and testimony at the hearing (see Matter of Safford v Annucci, 144 AD3d 1271, 1272 [2016], lv denied 29 NY3d 901 [Mar. 23, 2017]). We are unpersuaded by petitioner’s contention that the chain of custody of the pills was not properly documented. Specifically, the correction officer who discovered the pills documented the chain of custody, and that correction officer and the pharmacist who was shown the pills for identification testified that the pills remained in *1439 the correction officer’s custody (see Matter of Williams v Annucci, 141 AD3d 1062, 1062 [2016]; Matter of Campbell v Prack, 118 AD3d 1202, 1203 [2014]). To the extent that petitioner asserts that the incident date and time on the misbehavior report were insufficient to provide proper notice of the alleged misconduct in order to prepare a defense, we find no error in the use of the date and time that the pills were discovered given the nature of the ongoing investigation (see Matter of Zimmerman v Annucci, 139 AD3d 1205, 1206 [2016]). We have reviewed petitioner’s remaining contentions and find them to be without merit.
Peters, P.J., Garry, Lynch, Devine and Aarons, JJ., concur.
Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of using another inmate’s personal identification number and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references to this charge from petitioner’s institutional record, and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed.