Matter of Tomlin v Annucci (2018 NY Slip Op 02526)





Matter of Tomlin v Annucci


2018 NY Slip Op 02526


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018

525338

[*1]In the Matter of PETER TOMLIN, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: March 2, 2018

Before: Lynch, J.P., Devine, Clark, Aarons and Rumsey, JJ.


Peter Tomlin, Albion, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with conspiring to possess drugs, smuggling, violating facility correspondence procedures, violating facility visiting procedures and violating facility telephone procedures. According to the report, petitioner solicited individuals to obtain, package and smuggle suboxone/synthetic marihuana into the correctional facility. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
Initially, respondent concedes, and our review of the record confirms, that the charge of violating facility telephone procedures is not supported by substantial evidence. Because the penalty imposed included a recommended loss of good time, the matter must be remitted to respondent for a redetermination of the penalty as to the remaining charges (see Matter of Bailey v Annucci, 149 AD3d 1438, 1438 [2017]).
With regard to the remaining charges, the misbehavior report, testimony by its author and the confidential information provide substantial evidence to support the determination of guilt (see Matter of Devaughn v Annucci, 157 AD3d 1182, 1183 [2018]; Matter of Blades v Annucci, 153 AD3d 1502, 1503 [2017]; Matter of Douglas v Annucci, 153 AD3d 1014, 1015 [*2][2017]). Although no visit took place and there was no exchange of drugs, "[i]nmates involved in attempts or conspiracies to violate institutional rules of conduct . . . will be punishable to the same degree as violators of such rules" (7 NYCRR 207.3 [b]; see Matter of Douglas v Annucci, 153 AD3d at 1015). We also find that the confidential information was sufficiently detailed for the Hearing Officer to independently assess its reliability and rely upon such information in finding petitioner guilty (see Matter of Blades v Annucci, 153 AD3d at 1503; Matter of Johansel v Annucci, 155 AD3d 1147, 1148 [2017]). Petitioner's denial of the charges and assertion that the charges were retaliatory presented credibility issues for the Hearing Officer to resolve (see Matter of Rizzuto v Eastman, 134 AD3d 1308, 1308 [2015]).
Turning to the procedural challenges, we are unpersuaded by petitioner's contention that the misbehavior report was not sufficiently detailed to provide petitioner with notice of the charges in order for him to prepare a defense (see Matter of Washington v Lee, 156 AD3d 1033, 1034 [2017]; Matter of King v Annucci, 155 AD3d 1145, 1146 [2017]). Petitioner's remaining contentions, to the extent that they are preserved for our review, are without merit.
Lynch, J.P., Devine, Clark, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of violating facility telephone procedures and as imposed a penalty; petition granted to that extent, respondent is directed to expunge all references to this charge from petitioner's institutional record, and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed.