Matter of Perez v Polizzi (2018 NY Slip Op 02854)





Matter of Perez v Polizzi


2018 NY Slip Op 02854


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

525335

[*1]In the Matter of ANTHONY PEREZ, Petitioner,
v
ANTHONY POLIZZI, as Hearing Officer, Respondent.

Calendar Date: March 2, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Clark and Mulvey, JJ.


Anthony Perez, Wallkill, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
A pat frisk of petitioner, a prison inmate, revealed three pills encased in clear plastic wrap secreted inside the inner seam of his pants. After the pills were identified as Neurontin by facility medical personnel, he was charged in a misbehavior report with possession of unauthorized medication, possession of contraband and smuggling. Following a tier III disciplinary hearing, he was found guilty of all charges. On administrative appeal, the charge of possessing contraband was dismissed and the penalty reduced. Petitioner thereafter commenced this CPLR
article 78 proceeding seeking annulment of the remaining charges.
We confirm. The misbehavior report, testimony of the correction officer who performed the search and authored the report and the documentary evidence provide substantial evidence to support the determination of guilt (see Matter of Shearer v Annucci, 155 AD3d 1277, 1277 [2017]; Matter of Baez v Venettozzi, 155 AD3d 1231, 1232 [2017]). Contrary to petitioner's contention, the hearing testimony and documentary evidence established that a proper chain of custody was maintained, inasmuch as the correction officer never relinquished control between the time that he confiscated the contraband from petitioner and the time that he secured [*2]the pills in an evidence locker (see Matter of Bailey v Annucci, 149 AD3d 1438, 1438-1439 [2017]; Matter of Bernard v Annucci, 148 AD3d 1448, 1449 [2017]). Nor was petitioner impermissibly denied the right to call witnesses; the record demonstrates that the facility nurse who identified the pills was no longer an employee of the Department of Corrections and Community Supervision and refused to testify (see Matter of Lopez v Annucci, 146 AD3d 1262, 1263 [2017]), and the requested watch commander's testimony would have been redundant, as the chain of custody had already been established (see Matter of Baxton v Annucci, 142 AD3d 1235, 1236 [2016]). Finally, the record amply demonstrates that the determination of guilt flowed from the evidence presented, rather than any alleged hearing officer bias (see Matter of Williams v Department of Corr. & Community Supervision, 155 AD3d 1207, 1207 [2017]; Matter of Kalwasinski v Venettozzi, 152 AD3d 853, 854 [2017]).
McCarthy, J.P., Egan Jr., Lynch, Clark and Mulvey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.