Matter of Sudler v Annucci (2018 NY Slip Op 04629)





Matter of Sudler v Annucci


2018 NY Slip Op 04629


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018


[*1]In the Matter of IJAL SUDLER, Petitioner, 
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: May 8, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Aarons, JJ.


Ijal Sudler, Dannemora, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Victor Paladino of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
As a mailroom clerk was processing mail being sent out of the cellblock where petitioner was housed, she noticed that the name of an inmate who was not housed in that cellblock was the return addressee on an envelope addressed to an outside third party. She brought it to the Superintendent of the facility and he gave her permission to open it. Inside was a letter referencing the Social Security numbers and dates of birth of two inmates, which the sender urged the recipient to use to file fraudulent tax returns. A few days later, the mail clerk noticed another envelope with petitioner's name as the return addressee that contained handwriting similar to that which appeared on the first envelope. An investigation ensued, during which petitioner's handwriting was compared to that on the letter and the envelopes, resulting in a misbehavior report charging petitioner with multiple prison disciplinary violations. Following a lengthy tier III hearing, he was found guilty of solicitation, possessing contraband, possessing stolen property and violating facility correspondence procedures. The determination was later [*2]affirmed on administrative appeal and this CPLR article 78 proceeding ensued [FN1]
.
Petitioner's sole claim is that the Superintendent did not provide written authorization pursuant to Department of Corrections and Community Supervision Directive No. 4422 (III) (B) (9) (see 7 NYCRR 720.3 [e]) for opening the outgoing correspondence that led to the investigation implicating him as the sender. Significantly, such correspondence provided the basis for all of the disciplinary rule violations of which petitioner was found guilty. The directive at issue specifically provides that "[o]utgoing correspondence . . . shall not be opened, inspected, or read without express written authorization from the facility superintendent" (7 NYCRR 720.3 [e]). It further states that "[s]uch written authorization shall set forth the specific facts forming the basis for the action" (7 NYCRR 720.3 [e] [1]). Here, there was no proof presented that the Superintendent issued a written authorization supported by specific facts permitting the correction official to open the correspondence. Rather, the record suggests that the authorization was verbal, as no written instrument was ever produced and the Superintendent did not testify at the hearing. Under these circumstances, the determination of guilt must be annulled (see Matter of Wilson v Commissioner of N.Y. State Dept. of Corr. & Community Supervision, 148 AD3d 1368, 1370 [2017]; Matter of Ramos v Annucci, 141 AD3d 977 [2016]; Matter of Mena v Fischer, 115 AD3d 1039 [2014]; compare Matter of Lozada v Fischer, 68 AD3d 1306, 1306 [2009], lv denied 14 NY3d 704 [2010]).
Egan Jr., J.P., Lynch, Clark, Mulvey and Aarons, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record and to restore any loss of good time.



Footnotes

Footnote 1:We note that the proceeding was properly transferred to this Court as the petition challenges the legality of the evidence confiscated by the mailroom clerk, which provided the basis for the disciplinary determination (see Matter of McDay v Annucci, 156 AD3d 1082, 1083 [2017]).