Matter of Hyson v Annucci (2019 NY Slip Op 02773)





Matter of Hyson v Annucci


2019 NY Slip Op 02773


Decided on April 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 11, 2019

527506

[*1]In the Matter of DOUGLAS H. HYSON, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: March 15, 2019

Before: Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ.


Douglas H. Hyson, Stormville, petitioner pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
A correctional facility mailroom clerk was processing outgoing mail from inmates when she noticed that an envelope bearing petitioner's return address appeared to contain contraband. She brought the envelope, which was addressed to petitioner's wife, to the Superintendent of the facility and was given permission to open it. Inside was a second envelope and a note stating that the recipient was to give the second envelope to another individual. The second envelope was found to contain instructions on how to make a controlled substance. As a result, petitioner was charged in a misbehavior report with possessing contraband, possessing drugs, possessing explosives and violating facility correspondence procedures. Following a tier III hearing, petitioner was found not guilty of possessing drugs and explosives, but guilty of the remaining charges. Facility officials thereafter reduced the penalty assessed, and the determination and modified penalty were affirmed on administrative review. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, documentary evidence and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Marhone v Conroy, 145 AD3d 1281, 1282 [2016]; Matter of Rosales v Prack, 112 AD3d 1025, 1026 [2013], lv denied 22 NY3d 865 [2014]). Petitioner's contention that he gave the envelope to another inmate to mail for him and that the other inmate must have placed the second envelope inside it presented a credibility issue for the Hearing Officer to resolve (see Matter of Rosales v Prack, 112 AD3d at 1026; Matter of Scott v Fischer, 109 AD3d 1066, 1067 [2013]).
Turning to petitioner's procedural claims, we find that proper authorization was obtained from the facility Superintendent prior to opening the letter (see 7 NYCRR 720.3 [e] [1]; Matter of Montes v Bezio, 79 AD3d 1567, 1568 [2010], appeal dismissed 19 NY3d 861 [2012]; Matter of Devivo v Bezio, 63 AD3d 1489, 1490 [2009]). We reject petitioner's challenge to the timeliness of the hearing, inasmuch as the record reflects that valid extensions were obtained and the hearing was completed within the time period set forth therein (see Matter of Caldwell v Venettozzi, 166 AD3d 1184, 1185 [2018]; Matter of Clark v Smith, 155 AD3d 1232, 1233 [2017]). Finally, there is nothing in the record to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Bonds v Annucci, 166 AD3d 1250, 1251 [2018]; Matter of Brown v Venettozzi, 164 AD3d 1583, 1584 [2018]). Petitioner's remaining claims have been considered and found to be without merit.
Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.